DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WEALTH MORTGAGE STRATEGIES, LLC,**
Appellant,

v.

**TOMASINA PHINIZEE,**
Appellee.

No. 4D2025-2893

[August 12, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312017CA000057XXXXXX.

Robert Flavell of Robert Flavell, P.A., Celebration, for appellant.

Fred L. Kretschmer Jr. of Brennan & Kretschmer, Vero Beach, for appellee.

GROSS, J.

The circuit court entered an order dismissing a foreclosure action for failure to prosecute. Appellant Wealth Mortgage Strategies, LLC subsequently filed a motion to vacate the dismissal order, arguing that the order was void because it was entered while a federal bankruptcy stay was in effect. *See* 11 U.S.C. § 362(a)(1)–(2) (2018). Therefore, as appellant argues, the circuit court erred in dismissing the foreclosure complaint. *See Alexandre v. Scribner Vill. Homeowners Ass'n*, 189 So. 3d 981, 982 (Fla. 4th DCA 2016) (holding that "it is error for a court to enforce a judgment of foreclosure on property owned by the debtor when an automatic stay is in place"); *Personalized Air Conditioning, Inc. v. C.M. Sys. of Pinellas Cnty., Inc.*, 522 So. 2d 465, 466 (Fla. 4th DCA 1988) (holding that the "[f]iling of a petition in bankruptcy effectuates an automatic stay of all proceedings against a debtor effective the date the petition is filed and actions taken in violation of the stay are void even if there is no actual notice of the stay.").

The dismissal order here was void. *See Woods v. Lloyds Asset Mgmt., LLC*, 191 So. 3d 918, 920 (Fla. 4th DCA 2016) (explaining that actions

violating the automatic stay are void); *Christopher v. Bank of Am., N.A.*, 323 So. 3d 838, 842 (Fla. 2d DCA 2021) (holding that "[a]n action taken in violation of the automatic stay has been determined to be 'void and without effect.'" (quoting *In re Striblin*, 349 B.R. 301, 303 (Bankr. M.D. Fla. 2006))).

About three years after the dismissal, appellant moved to set it aside pursuant to Florida Rule of Civil Procedure 1.540(b)(4), which provides that a court may set aside a void order if the motion is "filed within a reasonable time." The circuit court ruled that the motion had not been filed within a reasonable time and denied the motion.

When a rule 1.540 motion is directed at a *void* order, we have been generous in the calculation of what amount of time is "reasonable," because "it is well established that the passage of time cannot make valid that which has been void from the beginning." *M.L. Builders, Inc. v. Rsrv. Devs., LLP*, 769 So. 2d 1079, 1082 (Fla. 4th DCA 2000). "When a judgment is void, there is 'almost no time limit' to move to vacate." *Wells Fargo Bank, N.A. v. Tan*, 320 So. 3d 782, 784 (Fla. 4th DCA 2021) (quoting *Citibank, N.A. v. Villanueva*, 174 So. 3d 612, 614 (Fla. 4th DCA 2015)).

*Tan* is a case that illustrates such temporal generosity. There, a lender brought a rule 1.540(b)(4) motion *five years* after the entry of a void final judgment. *Id.* at 783–84. The trial court denied the motion, finding that the lender had "failed to act within a reasonable time[.]" *Id.* at 784. We determined that the trial court had "erred when it found [the lender] unreasonably delayed seeking to vacate the void judgment." *Id.*; *see also Kirchoff v. Jenne*, 819 So. 2d 959, 963 (Fla. 4th DCA 2002) (reversing the order denying a rule 1.540 motion involving a 20-month delay in moving to set aside a final judgment).

We reverse the order denying the motion to set aside the dismissal, and remand to the circuit court to enter an order granting the motion.

*Reversed and remanded with instructions.*

Levine and Forst, JJ., concur.

*       *       *

**Not final until disposition of timely-filed motion for rehearing.**